UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 19-01WES |
| | : | |
| KAIEEMA GADSON | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Kaieema Gadson is in violation of the terms of her supervised release and, if so, for recommended disposition. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on February 11 and 28, 2020. On February 11, Defendant was released on previous conditions with the additional bail conditions that she attend mental health treatment and report in person to her probation officer on a weekly basis. On February 28, the government dismissed Violation No. 1; Defendant waived a violation hearing and admitted Violation No. 2. Based on the parties' joint recommendation, Defendant's admission and the following analysis, I recommend that the Court continue Defendant on the same term of supervised release but modify her conditions to add the condition that she attend mental health treatment. Thus, while on supervised release, I recommend that Defendant be required to comply with the following conditions:

> **The defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.**
>
> **The defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.**

**The defendant shall comply with all applicable federal and state laws regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide verification of compliance with this requirement to the probation officer.**

**The defendant shall permit the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, upon reasonable suspicion of a violation of supervision, to conduct a search of the defendant's residence, automobile, workplace, computer, and other electronic communication or data storage devices or media.**

**The defendant shall have no contact with any child under the age of 18 (except her own children) without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.**

**The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.**

**The defendant shall pay the balance of the special assessment, restitution, and or fine owed in connection with this case.**

**The defendant shall participate in a manualized behavioral program as directed by the USPO.  Such program may include group sessions led by a counselor or participating in a program administered by the USPO.  The defendant shall pay for the cost of treatment to the extent she is able as determined by the probation officer.**

## I.      BACKGROUND

On January 27, 2020, the Court granted the Probation Office's petition for the issuance of

a summons charging Defendant with the following violations:

**Violation No. 1: While on supervision, the defendant shall not commit another federal, state, or local crime.**

On January 20, 2020, Ms. Gadson committed the offense of felony assault with a deadly weapon, as evidenced by her arrest by the Providence Police Department and documents filed in 6th Division District Court, Case Number 62-2020-00739.

**Violation No. 2: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.**

On January 20, 2020, Ms. Gadson had contact with the Providence Police Department and failed to report this law enforcement contact to her probation officer.

Defendant initially appeared before the Court on February 11, 2020.  At her request, the matter was continued to February 28 for a status hearing.  The government requested and was granted permission to subpoena the alleged victim to the next hearing.  On February 28, the alleged victim did not appear, and the government advised that it had trouble contacting other witnesses. Based on those difficulties as well as Defendant's participation in counseling and reengagement with Probation, the government moved to dismiss Violation No. 1.  That motion was granted. Defendant waived her right to a revocation hearing and admitted the conduct charged in Violation No. 2.  Based on her admission, I found her guilty of violating the terms and conditions of her supervised release.

## II.     APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. Defendant was on supervision for a Class A felony; therefore, she may not be required to serve more than five years of imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the maximum term of supervised release is life.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision. Section

4

7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision.  In this case, the petition charged Defendant with committing a Grade A violation due to the conduct underlying the now-dismissed Violation No. 1; however, the conduct forming the basis for Violation No. 2, the sole remaining violation, is a Grade C violation; therefore, the Court may revoke, extend or modify her conditions of supervision.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment.  Now that Violation No. 1 has been dismissed, the first provision, which allows for alternatives for any portion of the minimum term, applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is an outstanding restitution in the amount of $3,660.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed a Grade C violation and has a Criminal History Category of I.  Therefore, the applicable range of imprisonment for this violation is three to nine months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

## III.    ANALYSIS

On March 1, 2017, Defendant pled guilty in the District of Connecticut to two counts of sex trafficking of a minor and was sentenced to twenty-one months of incarceration with three years of supervised release to follow.  Supervised release commenced on November 21, 2018, with a projected expiration date of November 20, 2021.  The District of Rhode Island accepted jurisdiction of the case on January 10, 2019.  For the period since it assumed responsibility, Probation reports that Defendant has been a model supervisee, working full time as a home healthcare aid, caring for her two children, and successfully completing treatment at Fellowship

6

Health Resources.  Other than the January 20, 2020, arrest, she has been in full compliance with all conditions of supervised release.  Then, on January 20, 2020, Defendant was arrested and charged with felony assault with a deadly weapon based on incident in Providence involving a woman who was defacing a man's car and who attacked him with a large kitchen knife when he approached to see why the car alarm had gone off.  Despite being seriously injured, the victim refused to cooperate with police, but his girlfriend told officers that Defendant was the man's former girlfriend and that she was responsible for the mayhem.

Defendant failed to inform her supervising officer of this contact with Providence police. However, once Probation learned of her arrest, Defendant advised that she barely knew the victim and had been home with her mother at the time in issue.  Consistent with her denials, the victim did not appear at the time set by the subpoena and the government was unable to get information from other witnesses.  Therefore, Violation No. 1 was dismissed and Defendant admitted Violation No. 2 charging failure to report the contact with law enforcement.  Defendant acknowledged that this failure was serious; she now understands the importance of compliance with what may seem like a relatively benign condition.

Based on this travel, the parties have jointly recommended, and I concur, that Defendant should continue on the same term of supervised release with the same conditions except that she would benefit from an ongoing requirement to attend mental health treatment.  The parties also agreed that the bail condition requiring Defendant to check in with Probation weekly is no longer necessary because Defendant has appropriately reengaged with her probation officer.  Defendant waived her right to allocution.

Mindful of the 18 U.S.C. § 3553(a) factors that guide the Court's sentencing decision, including the need to protect the safety of the community and to deter criminal conduct while on

supervision, I recommend that the Court continue Defendant on the same term of supervised release with the previous conditions, but modify her conditions to add the condition that she participate in a program of mental health treatment as directed by the Probation Office.

## IV.    CONCLUSION

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the reasons expressed above, I recommend that the Court continue Defendant on the same term of supervised release but modify her conditions to add the condition that she attend mental health treatment.  Thus, while on supervised release, I recommend that Defendant be required to comply with the following conditions:

The defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

The defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.

The defendant shall comply with all applicable federal and state laws regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide verification of compliance with this requirement to the probation officer.

The defendant shall permit the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, upon reasonable suspicion of a violation of supervision, to conduct a search of the defendant's residence, automobile, workplace, computer, and other electronic communication or data storage devices or media.

The defendant shall have no contact with any child under the age of 18 (except her own children) without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.

The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.

The defendant shall pay the balance of the special assessment, restitution, and or fine owed in connection with this case.

The defendant shall participate in a manualized behavioral program as directed by the USPO.  Such program may include group sessions led by a counselor or participating in a program administered by the USPO.  The defendant shall pay for the cost of treatment to the extent she is able as determined by the probation officer.

Any objection to this report and recommendation must be specific and must be served

and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Crim.

P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a timely manner constitutes

waiver of the right to review by the district judge and the right to appeal the Court's decision.

See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 12, 2020

9